BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH AT SCHENLEY GOLF COURSE, ) DOCKET NO. 390
PITTSBURGH, PENNSYLVANIA, ON AUGUST 21, 1977 )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND ANDREW A. CAFFREY,*
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

I. BACKGROUND

This litigation consists of six actions pending in four districts: three actions in the Western District of Pennsylvania, and one action each in the District of Delaware, the Northern District of Indiana, and the District of Utah.

On August 21, 1977, a Beechcraft Bonanza airplane crashed on Schenley Park Golf Course in Pittsburgh, Pennsylvania. Glen Shaw (Shaw), the pilot of the aircraft; Richard J. Heckel (Heckel) and Heckel's wife were the only people aboard the airplane at the time of the crash, and Heckel's wife was the only fatality.

In August, 1978, Heckel initiated a wrongful death and survival action in the Western District of Pennsylvania (Heckel). Named as defendants in Heckel were Beech Aircraft Corporation (Beech), manufacturer of the aircraft that

---

\*   Judge Caffrey took no part in the decision of this matter.

crashed; Poorman Aircraft Service (Poorman), an Ohio business alleged to have inspected and repaired the aircraft's engine "approximately one year prior to the accident"; Nichels Engineering Co. Inc. (Nichels) and G. N. Aircraft, Inc. (G.N.), both Indiana businesses alleged to have inspected and repaired the aircraft's engine "approximately one year prior to the accident"; Thompson Flying Service, Inc. (Thompson), a Utah business alleged to have repaired, rebuilt and sold the engine on the aircraft "at some time prior to the accident"; Leon Lamp and Lamp Aircraft Service (the Lamp defendants), Ohio residents alleged to have repaired, rebuilt, inspected and installed the engine on the aircraft "at some time prior to the accident"; and M. J. Corbi Aircraft Sales, Inc. (Corbi), an Ohio business alleged to have sold the aircraft to its owner at the time of the crash. Separate wrongful death and survival counts for negligence, strict liability and breach of warranty were alleged against each defendant.

On October 13, 1978, Shaw filed the second Pennsylvania action (<u>Shaw</u>) against the same defendants originally named in <u>Heckel</u>. Plaintiff sought to recover damages based upon theories of liability substantially similiar to those in <u>Heckel</u>.

In February, 1979, Nichels, G. N. and Thompson were dismissed from both <u>Shaw</u> and <u>Heckel</u> for lack of personal jurisdiction.

The third Pennsylvania action was originally brought in August, 1978, in the Northern District of Ohio by Heckel

against Poorman, the Lamp defendants and Corbi. In November, 1978, this action was transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a). The allegations against the defendants in this action are identical to those raised against them in Heckel.

The remaining three actions were also brought by Heckel in August, 1978. Beech is the sole defendant in the Delaware action, Thompson is the sole defendant in the Utah action, and Nichels and G.N. are the defendants in the Indiana action. Again, the allegations against each defendant are identical to those originally raised against each defendant in Heckel.

Heckel moves the Panel to centralize, pursuant to 28 U.S.C. §1407, all actions in this docket in the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings. **Shaw joins in this motion.** Beech, G. N. and Thompson oppose transfer.

We find that these actions involve common questions of fact and that, with the exception of the Utah action, transfer of the non-Pennsylvania actions to the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings under Section 1407 with the actions pending there will serve the convenience of the parties and witnesses and promote the just and efficent conduct of the litigation.

Opponents argue that centralization of the actions should be denied because they involve no substantial common questions of fact. Opponents contend that each defendant

-4-

is alleged to have acted or failed to act in different ways and at different times over a period of fifteen years, that none of the actions raises an allegation that any of the defendants were acting in concert, and that the proof of liability of each defendant will thus turn upon a unique set of circumstances. Any common questions that may be found to exist, opponents urge, are not sufficiently complex to justify transfer. Opponents further contend that because this litigation involves only two plaintiffs, with actions pending in only four districts, cooperation among involved parties, counsel and courts will avoid any duplicative discovery and is a preferable alternative to centralization.

Finally, opponents stress that the three defendants in the non-Pennsylvania actions were previously dismissed from two of the Pennsylvania actions for lack of <u>in personam</u> jurisdiction. Opponents contend that movant is thus attempting to misuse Section 1407 by vesting jurisdiction over all defendants in the district court for the Western District of Pennsylvania where jurisdiction would otherwise not be available.

We find these arguments unpersuasive. The Indiana, Pennsylvania and Delaware actions arise from the same accident and factual questions concerning the cause or causes of the accident will be common to each action. The presence of different legal theories in some of these actions with regard to the alleged liability of each defendant does not negate the existence of common questions of fact regarding

the cause or causes of the crash and the attendant circumstances. See In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Because the factual questions in each of these actions focus on what caused the accident, it is likely that all defendants will be involved with discovery in each action either as parties or non-parties. Transfer under Section 1407 is thus necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources. While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Gas Meter Antitrust Litigation, 464 F. Supp. 391, 393 (J.P.M.L. 1979). The transferee judge, of course, has the authority to schedule any pretrial proceedings that are unique to particular parties, claims or actions to proceed concurrently with the common pretrial proceedings, thereby permitting the litigation to proceed expeditiously in all areas. See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979). Moreover, the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I & II, §§2.31, Manual for Complex Litigation (rev. ed. 1977).

Opponents' argument that plaintiffs' motion for transfer under Section 1407 constitutes an abuse of the statute

is without merit. In essence, opponents' argument is that plaintiffs should not be able to secure from the Panel, under 28 U.S.C. §1407, what the venue provisions of federal law otherwise prohibit. The Panel's discretion under Section 1407 is not limited by venue considerations, however, and the fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent transfer to a single district for pretrial proceedings where the prerequisites of Section 1407 are otherwise satisfied. See In re Kauffman Mutual Fund Litigation, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972).

On the basis of the record before us, we are not persuaded that the Utah action should be included in centralized proceedings under Section 1407. The nexus between the Utah action and the other actions in this litigation appears to be too tenuous. Thompson has represented, and movants have not disputed before us, that it is a small fixed-base operation with its only place of business in Salt Lake City, Utah; that ten years ago, Thompson overhauled an aircraft engine in Salt Lake City for a California owner and had no further involvement with that engine; that this engine was later installed in the Beech aircraft; and that over 800 flying hours later, and after at least one subsequent major overhaul and numerous periodic inspections, the aircraft crashed in Pennsylvania in 1977. Discovery in the Utah action will thus likely involve not only questions concerning the cause or causes of the crash, but equally important, also questions concerning possibly superseding events occurring over a ten-year period that have little in common with the other

actions in this litigation. Furthermore, Thompson urges that its repair facilities, business records, witnesses and potential expert witnesses are all located in the Salt Lake City area. In light of these circumstances, we cannot conclude that any benefits that would be derived from inclusion of the Utah action in centralized pretrial proceedings in the Western District of Pennsylvania would outweigh the inconvenience transfer would cause the defendant in the Utah action.

The Western District of Pennsylvania is clearly the most appropriate transferee forum for this litigation. The accident occurred there; the Honorable William W. Knox, to whom the actions already pending in that district are assigned, is the judge most familiar with the litigation; half of the actions in this docket are presently pending there; and most of the parties are already before the Pennsylvania court. See In re Air Crash Disaster near Upperville, Virginia, on December 1, 1974, 393 F. Supp. 1089, 1090 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action entitled Richard J. Heckel, etc. v. Thompson Flying Service, Inc., D. Utah, C.A. No. C-78-0308, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the following Schedule A and pending in districts other than the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent

```
 1   of that court, assigned to the Honorable William W. Knox
 2   for coordinated or consolidated pretrial proceedings with
 3   the actions pending in that district and listed on Schedule
 4   A.
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

DOCKET NO. 390

SCHEDULE A

### DISTRICT OF DELAWARE

| | |
|---|---|
| Richard J. Heckel, etc. v. Beech Aircraft Corp. | Civil Action No. 78-357 |

### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard J. Heckel, etc. v. Beech Aircraft Corp., et al. | Civil Action No. 78-891-B |
| Richard J. Heckel, etc. v. Poorman Aircraft Svc., et al. | Civil Action No. 78-2388 |
| Glenn W. Shaw v. Beech Aircraft Corp., et al. | Civil Action No. 78-1178-B |

### NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Richard J. Heckel, etc. v. Nichels Engineering Co., Inc., et al. | Civil Action No. 78-357 |

### DISTRICT OF UTAH

| | |
|---|---|
| Richard J. Heckel, etc. v. Thompson Flying Service, Inc. | Civil Action No. C-78-0308 |

FPI-MAR—3-27-79-6M-1781

DOCKET NO. 390

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH AT SCHENLEY GOLF COURSE, PITTSBURGH, PENNSYLVANIA, ON AUGUST 21, 1977

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned from the Honorable William W. Knox to the Honorable Barron P. McCune in accordance with the Local Rules for the United States District Court for the Western District of Pennsylvania,

IT IS **THEREFORE** ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Barron P. McCune for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman